IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROBIN HEADSPETH, on behalf of | § | |
| Jennifer Ann Leinberger, | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-875-O-BP |
| | § | |
| N. LANE AKIN, Sheriff, | § | |
| Wise County, Texas, *et al.*, | § | |
| | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff has filed a civil case. ECF No. 1. Resolution of preliminary matters was referred

to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b) and Special

Order No. 3. ECF No. 2. The findings, conclusions and recommendation of the United States

Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

A.    NATURE OF THE CASE

This case is a new civil action.

B.    PARTIES

Robin Headspeth, on behalf of her daughter, Jennifer Ann Leinberger, is the Plaintiff. In

the complaint, Plaintiff lists as defendants N. Lane Akin, Brandon S. Wood, and a John Doe Jail

Officer. ECF No. 1.

C.    LEGAL ANALYSIS

Plaintiff filed this case without paying the applicable filing and administrative fees totaling

$402, and without seeking to proceed in forma pauperis. Therefore, the Court issued an Order and Notice of Deficiency directing Plaintiff to pay the applicable fees or complete and file a long-form in-forma-pauperis application, in order for the Court to have sufficient information to make the pauper determination. ECF No. 4. That Order directed Plaintiff to pay the applicable fees or file the fully completed long-form by October 25, 2022. *Id*. And, it directed that **"[f]ailure to timely submit the applicable fees or a fully completed application to proceed in forma pauperis by that deadline could result in a recommendation that this case be dismissed without further notice."** *Id.* (citing Fed. R. Civ. P. 41(b)). Plaintiff did not comply, and the Court then issued a second Order extending the time for Plaintiff to comply until November 14, 2022. ECF No. 5. That Order expressly noted that "[f]ailure to timely submit the applicable fees or a fully completed application to proceed *in forma pauperis* by that deadline could result in a recommendation that this case be dismissed without further notice." *Id.* (citing Fed. R. Civ. P. 41(b)). Plaintiff has not responded. Because Plaintiff has wholly failed to pay the applicable fees or file a fully completed in-forma-pauperis application, she has failed to comply with this Court's orders.

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Because Plaintiff has failed to comply with this Court's deficiency orders, this case may be dismissed for failure to comply with a court order and for lack of prosecution under Federal Rule of Civil Procedure 41(b).

The undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** all of Plaintiff's claims for lack of prosecution or for failure to obey a court order, without prejudice to their being refiled. *See* Fed. R. Civ. P. 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on November 22, 2022.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE